# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALBERT RICHARDSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>S. BUTLER,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:09-CV-01151-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(DOC. 17)<br><br>OPPOSITION, IF ANY, DUE WITHIN 30 DAYS |

**Findings And Recommendation**

**I.    Background**

Plaintiff John Albert Richardson ("Plaintiff") is a former prisoner of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 17, 2009, in the Sacramento Division of the Eastern District of California. Plaintiff's case was transferred to this Court on July 1, 2009. On March 29, 2010, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint. On April 14, 2010, Plaintiff filed his first amended complaint.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3   paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5   1915(e)(2)(B)(ii).

6       A complaint must contain "a short and plain statement of the claim showing that the
7   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
8   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
10  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
11  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,
12  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

13  **II.**     **Summary Of Amended Complaint**

14      Plaintiff was previously incarcerated at Wasco State Prison ("WSP") in Wasco,
15  California.  Plaintiff names as Defendant S. Butler, correctional officer.

16      Plaintiff alleges the following.  On May 18, 2008, while he was standing in the A yard
17  dining hall chow line, two other inmates began fighting.  Dining hall officers Perez and Riley
18  ordered everyone to get down, and all but the two fighters complied.  Defendant S. Butler was
19  the tower officer.  He fired a non-lethal round into the chow hall before the dining hall officers
20  were able to gain control of the situation.  The round struck Plaintiff in the hand, breaking his left
21  ring finger.  Plaintiff alleges a violation of the Eighth Amendment for malicious and sadistic use
22  of force.  Plaintiff also alleges a state claim of assault.

23      Plaintiff requests as relief monetary damages.

24  **III.**    **Analysis**

25      **A.**     **Eighth Amendment - Excessive Force**

26      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
27  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  *Hudson*
28  *v. McMillian*, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is

2

. . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Id.* at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Id.*  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  *Id.*

Here, Plaintiff alleges at most negligence on the part of Defendant S. Butler.  Plaintiff's allegations that the use of force was malicious and sadistic are conclusory allegations, which are insufficient to state a claim.  *Iqbal*, 129 S. Ct. at 1949.  Plaintiff's remaining factual allegations indicate that Defendant Butler fired a non-lethal round in the direction of the chow hall because two inmates were fighting.  It appears that Plaintiff was accidentally struck by Defendant.  This appears to be the use of force in a good-faith effort to restore discipline.  Thus, there is no violation of the Eighth Amendment for use of excessive force.

Because there is no claim over which this Court retains original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.  28 U.S.C. §

1367(c).

Plaintiff was previously provided with the opportunity to amend his complaint, but was unable to cure the deficiencies herein. The Court does not recommend further leave to amend in this action. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

**IV.     Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief may be granted; and

2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **October 20, 2010**                        /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE

4